USDC SCAN INDEX SHEET










AXR     10/19/04    14:00
3:02-CR-00333    USA V. ESQUINO
*107*
*CRJCCOR.*

%AO 245B (Rev. 9/00) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | CORRECTED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| LANCE Z. RICOTTA (02) | Case Number: 02CR0333-W |
| | THOMAS WARWICK |
| | Defendant's Attorney |

**REGISTRATION NO. 82251198**

**THE DEFENDANT:**

X pleaded guilty to count(s)     one of the superseding indictment

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 38(a)(3) and 38(a)(1)(C) | CONSPIRACY TO COMMIT FRAUD INVOLVING AIRCRAFT | S1 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

X   Count(s)   Remaining superseding counts and the underlying    indictment are dismissed on the motion of the United States.

X   Assessment : $ 100.00 payable forthwith.

X   Fine ordered waived.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

October 13, 2004
Date of Imposition of Sentence

THOMAS J. WHELAN
UNITED STATES DISTRICT JUDGE

107

Entered Date: 10-19-04

DEFENDANT: LANCE Z. RICOTTA (02)
CASE NUMBER: 02CR0333-W

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 1 month.

The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

X The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    or USM by noon __2/6/05__ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

    Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
    DEPUTY UNITED STATES MARSHAL

DEFENDANT: LANCE Z. RICOTTA (02)
CASE NUMBER: 02CR0333-W

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years.

## MANDATORY CONDITIONS

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:    LANCE Z. RICOTTA (02)
CASE NUMBER:    02CR0333-W

## SPECIAL CONDITIONS OF SUPERVISION

__X__    The defendant shall not possess firearms, explosive devices, or other dangerous weapons.

__X__    The defendant shall submit to search of person, property, residence, abode or vehicle, at a reasonable time and in a reasonable manner, by the probation officer or other law enforcement officer.

__X__    The defendant shall report all vehicles owned, operated, or in which the defendant has an interest to the probation officer.

__X__    The defendant shall provide complete disclosure of personal and business financial records to the probation officer as requested.

__X__    The defendant shall be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer

__X__    The defendant shall not engage in the employment or profession of aircraft sales or any other occupation involving fiduciary responsibilities or the solicitation of funds.

__X__    The defendant shall notify the collections unit of the U.S. Attorney's office, and the U.S. Probation office, of any interest in property obtained, directly, or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation, until any fine or restitution ordered is paid in full.

__X__    The defendant shall notify the collections unit of the U.S. Attorney's office and the U.S. Probation office, before transfer of any interest in property owned directly or indirectly by the defendant.

__X__    The defendant shall make restitution in the amount of $185,000.00, through the Clerk, U.S. District Court, to the victims on file with the U.S. Attorney's Office, in the amounts specified in said list, payable forthwith or through the Inmate Financial Responsibility Program during the period of incarceration, with the payment of any remaining balance to be made following the defendant's release from prison, at the rate of $750.00 per month. Distribution of restitution to the victims is to be on a pro rata basis. This restitution liability will be jointly and severally with codefendant Christian E. Esquino.

__X__    The defendant shall participate in a program of three months home detention as directed by the probation officer. No electronic monitoring ordered.