USDC SCAN INDEX SHEET










HBH    3/23/06    11:47
3:02-CR-00333   USA V. ESQUINO
*128*
*CRMEMSUP.*

1  Thomas J. Warwick, Jr., # 56200
   Stacey A. Kartchner, # 225507
2  Grimes & Warwick
   2664 Forth Avenue
3  San Diego, CA 92103
   (619) 232-0600
4
5  Attorneys for Defendant
   LANCE ZANE RICOTTA
6

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. THOMAS J. WHALEN)

| UNITED STATES OF AMERICA, | Criminal Case No: 02CR0333-TJW |
|---|---|
| Plaintiff, | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE OR, IN THE ALTERNATIVE, FOR PERMISSION TO HAVE SUPERVISED RELEASE TRANSFERRED TO ARIZONA |
| v. | |
| LANCE ZANE RICOTTA, | |
| Defendant. | |

I.

STATEMENT OF THE CASE

On March 25, 2004, Mr. Ricotta plead guilty to Count One, 18 U.S.C. § 38(a)(3) and (a)(1)(C), Conspiracy to Commit Fraud Involving an Aircraft. On October 13, 2004, Mr. Ricotta was sentenced, among other things, to serve one (1) month in custody, to participate in a program of three (3) months of home detention, and to make restitution in the amount of $185,000.00 to the victims in this case. Furthermore, he was ordered to complete a term of three (3) years of supervised release upon release from imprisonment. In addition, he was ordered to refrain from engaging in the employment or profession of aircraft sales or any other occupation involving fiduciary responsibilities or the solicitation of funds.

///

On February 6, 2005, Mr. Ricotta reported to the Bureau of Prisons to serve his custody time. Because he already had ten (10) days of custody credit, he was released on February 25, 2005, and began serving both his three (3) month period of home detention and his term of supervised release. Mr. Ricotta successfully completed his three (3) month period of home detention without incident. Moreover, he has served over one (1) year of his term of supervised release.

## II.

## ARGUMENT

Mr. Ricotta moves this Court to terminate his supervised release. As stated above, Mr. Ricotta has already served over one (1) year of supervised release with no problems. Furthermore, he has served his time in custody, his term of home confinement, and is in compliance with all other terms and conditions of his sentence.

### A. Early Termination of Supervised Release is Authorized Under the Statute and Federal Rules of Criminal Procedure.

Both the statute regarding supervised release and the Federal Rules of Criminal Procedure contemplate and allow for the early termination of supervised release, after the expiration of one (1) year of supervised release. Congress allowed for modifications of supervised release at 18 U.S.C. § 3583(e)(1):

> The court may, after considering the factors set forth in section 3553(a) ... terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

Federal Rule of Criminal Procedure 32.1(c) sets out the procedure to be followed when either side seeks a modification in the supervised release term.

A hearing and assistance of counsel are required before the terms or conditions of supervised release can be modified, unless the relief to be granted to the person on supervised release upon the person's request or the court's own motion is favorable to the person, and the attorney for the government, after having been given notice of the proposed relief and a

reasonable opportunity to object, has not objected. An extension of the term of supervised release is not favorable to the person for purposes of this rule.

Therefore, where the defendant is seeking early termination of his supervised release, the court may grant the request without a hearing, in the event that government counsel does not object.

### B. The 18 U.S.C. § 3553 Factors Weigh In Favor of Terminating Supervised Release Early.

The supervised release statute at 18 U.S.C. § 3583(e)(1), directs the court to examine the 18 U.S.C. § 3553(a) factors in determining whether supervised release should be terminated. Those factors include: the nature and circumstances of the offense; the defendant's history and characteristics; the need for deterrence; the need to protect the public from future crimes; the need to give the defendant training or treatment; the applicable Guidelines; policy statements regarding the Guidelines; and the need to avoid unwarranted sentencing disparities among similarly situated defendants.

**Nature of Offense**

In this case, Mr. Ricotta pleaded guilty to a violation of 18 U.S.C. § 38(a)(3) and (a)(1)(c): Conspiracy to Commit Fraud Involving an Aircraft.

**Defendant's History**

Mr. Ricotta scored a Criminal History Category of I. His PSR stated that he had no prior criminal convictions. Currently, he is thirty-four (34) years-old. He is a hard-working individual who supports his family of three (3).

**Deterrence**

Mr. Ricotta obviously has been deterred from future criminal conduct given that he has committed no new crimes during the term of his Supervised Release. Moreover, he has fully complied with all of the conditions of supervised release.

/ / /

/ / /

/ / /

**Protection**

Given that Mr. Ricotta had not committed any crimes prior to this incident and given that Mr. Ricotta has not committed any subsequent to this incident, it is clear that the public needs no protection from Mr. Ricotta.

**Rehabilitation**

Mr. Ricotta has not needed any vocational training or treatment. He is a trained pilot. In fact, he currently has an offer to fly for Chipola Aviation, who hopes Mr. Ricotta will be allowed to relocate to Arizona so he can fly for their company. (See Letter from Dave Welch, Chief Pilot, Chipola Aviation, at Exhibit "A".)

**C.   The United States Already Has Achieved the Goals of Supervised Release in Mr. Ricotta's Case.**

The goal of supervised release is to monitor a defendant's behavior to make sure that he does not commit any new crimes. Here, Mr. Ricotta has not been involved in any further transgressions, be it new additional criminal conduct or even misconduct while on supervision. Moreover, Mr. Ricotta has been presented with a great opportunity, which would allow him to better support his family and pay his restitution fine off at an accelerated pace.

## IV.

## CONCLUSION

For the foregoing reasons, because the goals of supervision have been met, and all conditions have been complied with, Mr. Ricotta respectfully requests that this Court grant this motion for early termination of his supervised release. In the alternative, Mr. Ricotta respectfully requests that his supervised release be transferred to Arizona.

DATED: 3/22/06

THOMAS J. WARWICK, JR.
STACEY A. KARTCHNER
Attorneys for Defendant
LANCE ZANE RICOTTA

03-12-2006

To Whom it may concern:

Chipola Aviation has offered Lance Ricotta a position with our company which would require him to transfer to Arizona. Chipola Aviation has utilized Mr. Ricotta's pilot services for many years and hope that he will be allowed to relocate and fly for our company.

We realize Mr. Ricotta has a 4th amendment waver and look forward to him being off of probation that his expertise can be applied to our international operations.

Sincerely

*[signature]*

Dave Welch
Chief Pilot

**CHIPOLA AVIATION, INC.**
1001 Jackson Way  Panama City, FL 32405  (850) 522-5802